UNITED STATES of America,
Plaintiff–Appellee,

v.

Patricia DAVIS, Defendant–Appellant.

No. 90–7108.

United States Court of Appeals,
Eleventh Circuit.

Aug. 9, 1994.

---

J. Stephen Salter, Kimberly R. West, Birmingham, AL, for appellant.

Frank W. Donaldson, U.S. Atty., James E. Phillips, John C. Earnest, Jr., Asst. U.S. Attys., Birmingham, AL, for appellee.

## ON PETITION FOR REHEARING

Before KRAVITCH and EDMONDSON, Circuit Judges, and GODBOLD, Senior Circuit Judge.

### PER CURIAM:

We previously affirmed appellant Davis's conviction on charges of violating the Hobbs Act, 18 U.S.C. § 1951, and reversed and remanded on a sentencing matter. 967 F.2d 516 (11th Cir.1992). Davis has moved for rehearing on a single issue: whether to establish Hobbs Act extortion, the government must prove that the defendant explicitly promised to take or refrain from some action in consideration of the allegedly illegal payment received; in other words, whether the government must prove a specific *quid pro quo* (and, more particularly, whether the jury must be charged on the specific-*quid pro quo* element).

The petition is granted. For the reasons stated in *United States v. Martinez*, 14 F.3d 543, 552–554 (11th Cir.1994), under United States Supreme Court precedent,[1] an explicit promise by a public official to act or not act is an essential element of Hobbs Act extortion, and the defendant is entitled to a reasonably clear jury instruction to that effect. *See also United States v. Allen*, 10 F.3d 405, 411 (7th Cir.1993); *United States v. Farley*, 2

F.3d 645, 651 (6th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 649, 126 L.Ed.2d 607 (1993); *United States v. Garcia,* 992 F.2d 409, 414 (2d Cir.1993); *United States v. Taylor,* 993 F.2d 382, 384 (4th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 249, 126 L.Ed.2d 202 (1993). Because the district court failed to charge Davis's jury as to the necessity of finding an explicit promise before the jury properly could convict—and indeed informed the jury that "a specific quid pro quo is not always necessary for a public official to be guilty of extortion"—appellant's conviction is due to be REVERSED and the case REMANDED to the district court for further proceedings consistent with this opinion.

SO ORDERED.

---

1. *Evans v. United States,* —— U.S. ——, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992); *McCormick v.*

*United States,* 500 U.S. 257, 111 S.Ct. 1807, 114 L.Ed.2d 307 (1991).